# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DONALD G. REMBOLD,  \*
DOC #449211, SID #174653,
                                             \*

Plaintiff,
                                             \*

v.                                                                Civil Action No. ELH-19-16
                                             \*        (Related Case No. ELH-19-72)

INITIA LETTAU, *et al.*,
                                             \*

Defendants.
                                             \*\*\*

## MEMORANDUM

On January 2, 2019, plaintiff Donald G. Rembold filed the above-captioned civil rights Complaint. ECF 1. By letter dated April 5, 2019, Assistant Attorney General Joseph Dudek entered his appearance on behalf of defendants James Reilly, Sherri Hellman, Barbara Gill, Julie L. Ensor, Marilyn Bentley, Halle Bennett, Terri Mumma, and Gregory Hilton. ECF 16; *see also* ECF 15. On April 25, 2019, A. Stephen Hut, Jr. entered his appearance on behalf of the remaining defendants, Initia Lettau and Brendan Costigan. ECF 21.

Prior to Mr. Hut's entry of appearance, plaintiff filed a "Notice of Motion and Request for Consent to Entry of Default Judgment" and Motion to Appoint Counsel. ECF 19; ECF 20. On April 29, 2019, plaintiff filed a Declaration in Support of Motion for the Appointment of Counsel. ECF 22. Thereafter, defendants filed motions to dismiss for failure to state a claim. ECF 24; ECF 25. ECF 25 is supported by exhibits.[1]

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed plaintiff that the failure to file a response in opposition to the defendants' motions could result in dismissal of his Complaint. ECF 26; ECF 27.

---

[1] Mr. Hut also filed an identical motion to dismiss in the related case at Civil Action No. ELH-19-72.

On June 6, 2019, plaintiff filed a "Notice of Motion for Extention [sic] of Time for Request for Consent to Motion for Default Judgment and Motion for Judgment of Contempt." ECF 28.

Plaintiff's Notice of Motion and Request for Consent to Entry of Default Judgment appears to be a letter addressed to defendants encouraging them to "negotiate or agree to an amicable settlement." *See* ECF 19. While the parties are free to enter into settlement discussions at any time, the court cannot compel them to engage in settlement discussions. *See Hodge v. Stephens*, No. 12-CV-01988-AW, 2013 WL 398870, at *17 (D. Md. Jan. 31, 2013), *aff'd*, 533 F. App'x 344 (4th Cir. 2013). Therefore, to the extent plaintiff moves this court for settlement of the instant action, his motion shall be denied.

In plaintiff's Motion to Appoint Counsel, he states that he is unable to afford counsel, the issues involved in this case are complex, and he has limited access to reference materials and limited knowledge of the law. ECF 20. A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances." *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.*

Here, the Complaint concerns plaintiff's allegations that defendants denied his access to the courts. *See* ECF 1. In plaintiff's "Declaration In Support Of The Motion For The Appointment Of Counsel" (ECF 22), he adds that this is a complex case because all the defendants are judicial appointees or lawyers who have conspired against him. *Id.*

Upon careful consideration of plaintiff's motion and his previous filings, the court finds that he has demonstrated the wherewithal either to articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so.  The issues pending before the court are not unduly complicated.  Therefore, there are no exceptional circumstances that would warrant the appointment of an attorney to represent plaintiff under §1915(e)(1) at this time.  Accordingly, the motion to appoint counsel and supporting Declaration will be denied, without prejudice.

Finally, in plaintiff's "Notice of Motion for Extention [sic] of Time for Request for Consent to Motion for Default Judgment and Motion for Judgment of Contempt," he contends that defendants "violated this court's ORDER dated January 14th, 2019, which prohibits filing papers under . . . Civil Action No. ELH-19-72," presumably by filing their Motion to Dismiss in that case.  Defendants, however, filed an identical motion in this case, and certified that a copy was sent to plaintiff.  *See* ECF 24.  Thus, to the extent plaintiff moves for default judgment or for judgment of contempt to be entered against defendants, that motion shall be denied.  Should plaintiff wish to reply to defendants' dispositive motions, he shall do so by July 1, 2019.

A separate Order follows.

June 10, 2019                                                                               /s/
Date                                                                                    Ellen L. Hollander
United States District Judge