IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD G. REMBOLD,
   DOC #449211, SID #174653,

Plaintiff,

v.

INITIA LETTAU,
CLERK JAMES REILLY,
SHERRI HELLMANN,
BARBARA GILL,
CLERK JULIE L. ENSOR,
BRENDAN COSTIGAN,
ACTING CLERK MARILYN BENTLEY,
HALLE BENNETT,
CLERK TERRI MUMMA, and
CLERK GREGORY HILTON,

Defendants.

                Civil Action No. ELH-19-16
                (Related Case No. ELH-19-72)

## MEMORANDUM OPINION

The self-represented plaintiff, Donald G. Rembold, an inmate currently incarcerated at the Maryland Correctional Training Center ("MCTC") in Hagerstown, Maryland, filed suit pursuant to 42 U.S.C. § 1983 against James Reilly, Julie L. Ensor, and Marilyn Bentley, who are Maryland circuit court clerks; Gregory Hilton, Clerk of the Maryland Court of Special Appeals; Court Reporters Sherri Hellmann and Barbara Gill; Judicial Law Clerk Halle Bennett; Terri Mumma, Administrative Clerk of the District Court of Maryland for Harford County (collectively, the "Court Defendants"), and Assistant State Public Defenders Initia Lettau and Brendan Costigan (collectively, the "PD Defendants"). ECF 1.[1] Rembold claims that defendants have denied him access to the courts and denied him due process of law. *Id.*; ECF 34. He seeks declaratory and injunctive relief, as well as monetary damages.

---

[1] I shall sometimes refer to the instant case as "Case I."

Rembold filed a related case, *Rembold v. Reilly, et al.*, Civil Action ELH-19-72. I shall refer to Case ELH-19-16 as "Case I" and Case ELH-19-72 as "Case II." By Order of January 14, 2019, I consolidated Case I and Case II, designated Case I as the remaining case, and closed Case II. *See* Case I, ECF 3; Case II, ECF 4.

On May 20, 2019, the PD Defendants moved to dismiss. ECF 24 ("PD Motion"). On May 28, 2019, the Court Defendants moved to Dismiss (ECF 25), supported by a memorandum (ECF 25-1) (collectively, the "Court Defendants' Motion") and five exhibits.

Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court informed Rembold of his right to respond to the motions, and that the failure to file a response in could result in dismissal of his Complaint or entry of judgment against him. ECF 26; ECF 27. Rembold filed a response in opposition to the PD Motion on June 10, 2019. ECF 31. However, he did not respond to the Court Defendants' Motion. Instead, he filed an Amended Complaint on June 19, 2019, reiterating claims presented in his previous filings and alleging a violation of his due process rights. ECF 34. Rembold also voluntarily withdrew his claims against defendants Hilton, Bennett, and Bentley. *Id.* at 6. The PD Defendants filed a reply on June 27, 2019. ECF 37.

The matter is now ripe for disposition. Upon review of the record, exhibits, and applicable law, the court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2018). Rembold's claims against defendants Hilton, Bennett, and Bentley shall be dismissed, without prejudice. The remaining motions shall be granted.

## I. Factual Background

Rembold's Complaint is not a model of clarity. He states that on May 30, 2016, he filed a petition for post-conviction relief in the Circuit Court for Harford County, Maryland, and subsequently amended it several times: on May 23, 2017; August 17, 2017; September 7, 2017;

March 15, 2018; July 2, 2018; August 6, 2018; and December 22, 2018. ECF 1 (Complaint) at 1, 3; Case No. 19-72, ECF 1 at 5.[2]

Rembold alleges that defendant Initia Lettau, the Chief Attorney in the Post-Conviction Division of the Office of the Public Defender, "orchestrated clandestine proceedings" and actively shielded court personnel by "willfully and negligently refusing to intercede in the denial of access to the court." Case I, ECF 1 at 2. According to Rembold, Lettau "failed to perform the ministerial duties of the Chief Attorney." *Id.* He acknowledges, however, that on June 10, 2018, Lettau "created a new file" within the Officer of the Public Defender regarding Rembold's post-conviction case and assigned Brendan Costigan to represent Rembold. *Id.* at 3; Case No. 19-72, ECF 1 at 7.

Rembold attempted to file a 42 U.S.C. § 1983 complaint in the Circuit Court for Baltimore City against Lettau, alleging obstruction of access to court, which he claims Marilyn Bentley, the Clerk of the Circuit Court for Baltimore City, refused to file. Case II, ECF 1 at 7; *see also* Case I, ECF 34 (Amended Complaint) at 5. Rembold asserts that Bentley thus "obstructed and destroyed [his] right to access the court." Case No. 19-72, ECF 1 at 7. Further, he alleges that on September 28, 2018, Halle Bennett, a judicial law clerk in the Circuit Court for Baltimore City, "obstructed" his attempt to refile the civil rights action. *Id.* at 4; *see also* Case I, ECF 34 at 5.

In his Complaint, Rembold states that he filed an application for leave to appeal the denial of post-conviction relief with the Maryland Court of Special Appeals in June 2016. Yet, he alleges that James Reilly, the Clerk of the Circuit Court for Harford County, "refus[ed] to file the petition for post-conviction relief up until August 13th, 2018." Case I, ECF 1 at 2. Rembold claims that Reilly's obstruction necessitated the filing of a complaint under § 1983 in the Circuit Court for

---

[2] All citations reflect their electronic pagination.

Baltimore County on June 12, 2018, which he alleges Julie L. Ensor, the Clerk of the Circuit Court for Baltimore County, refused to file. *Id.*; ECF 34 at 5; Case No. 19-72, ECF 1 at 6. Rembold states that he appealed Ensor's refusal to file the complaint, which the Circuit Court for Baltimore County denied. Case II, ECF 1 at 6.

According to Rembold, on July 8, 2018, he filed a Notice of Appeal in the Maryland Court of Special Appeals with respect to the ruling of the Circuit Court for Baltimore County. *Id.* He alleges that defendant Gregory Hilton, the Clerk of the Maryland Court of Special Appeals, refused to respond to his inquiries regarding that appeal. Case II, ECF 1 at 6; Case I, ECF 1 at 3. In addition, Rembold claims that on August 6, 2018, he filed a Motion for Appointment of Post-Conviction Counsel, which "[t]he clerk refused to file." ECF 1 at 3.

Last, Rembold alleges that Court Reporters Sherri Hellmann and Barbara Gill fabricated transcripts of proceedings that occurred on September 29, 2014 and January 26, 2015, in violation of his due process rights. *See* Case I, Supplemental Complaint, ECF 10; Declaration, ECF 14; ECF 34 at 2-3; *see also* Case No. 19-72, ECF 1 at 7. Rembold states that he provided Brendan Costigan with the "phony record," which involved Terri Mumma, the Clerk of the District Court for Harford County, Maryland, and that Costigan has refused to give Rembold the original recordings. *Id.*

## II. Standard of Review

Defendants have filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The Court Defendants submitted matters outside the pleadings for the court's consideration.

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters

4

outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 Fed Appx. 220, 222 (4th Cir. 2016) (per curiam).

The nonmoving party must also be notified of the potential conversion of the motion to one for summary judgment. Here, plaintiff was advised that judgment could be entered against him. ECF 26 at 1. He was also provided with a copy of Rule 12, alerting him to the content of the rule. *Id.* at 1.

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

In general, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011); *see Putney v. Likin*, 656 Fed. Appx. 632, 638 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party had made an attempt to oppose the motion on the

5

grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 Fed. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). "[T]o justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see McClure v. Ports*, 914 F.3d 866, 874-75 (4th Cir. 2019); *Gordon v. CIGNA Corp.*, 890 F.3d 463, 479 (4th Cir. 2018); *Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling

that is obviously premature. And, a court "should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014).

Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted). According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (internal citations omitted); *see also Putney*, 656 Fed. App'x. at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). "This is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 Fed. Appx. at 638.

As to defendants Hilton, Bennett, and Bentley, Rembold has voluntarily dismissed his claims. With respect to the PD Defendants, I shall construe their motion as one to dismiss under Rule 12(b)(6). As to the remaining defendants, I note that Rembold has not filed an affidavit under Rule 56(d), nor has he filed a response to the Court Defendants' Motion, despite being informed by the court, pursuant to *Roseboro, supra*, 528 F.2d 309, that the failure to file a response in opposition could result in the entry of judgment against him. ECF 26. I am satisfied that it is appropriate to address the Court Defendants' Motion as one for summary judgment, as this will facilitate resolution of the case.

7

### A. Motion to Dismiss

A defendant may test the legal sufficiency of a complaint by way of a motion to dismiss under Rule 12(b)(6). *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom.*, *McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (citation omitted) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . ."); *see also Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019); *Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). To be sure, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 10 (2014) (per curiam). But,

mere "'naked assertions' of wrongdoing" are generally insufficient to state a claim for relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citation omitted).

### B. Motion for Summary Judgment

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id*. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.; *see Variety Stores, Inc. v. Wal-mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018); *Sharif v. United Airlines, Inc.,* 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (2004). And, the court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or

assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002); *see Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

Notably, the district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, the trial court may not make credibility determinations on summary judgment. *Wilson v. Prince George's County*, 893 F.3d 213, 218-19 (4th Cir. 2018); *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the factfinder to resolve factual disputes, including matters of witness credibility.

In sum, to counter a motion for summary judgment, there must be a genuine dispute as to material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). "A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law." *Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017).

As to all claims, I am mindful that Rembold is self-represented. Therefore, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and

defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

### III. Discussion

In the PD Motion, Lettau and Costigan seek dismissal of the claims against them, arguing that they are not liable under 42 U.S.C. § 1983 because, as public defenders, they do not act "under color of state law" within the meaning of that statute. ECF 24. In the Court Defendants' Motion, the Court Defendants argue that (1) the clerk defendants are immune from suit under the Eleventh Amendment because they are State officers; (2) derivative judicial immunity bars all claims against Bennett, Ensor, Mumma, and Bentley; and (3) Rembold's Complaint fails to state a claim upon which relief can be granted. ECF 25-1.

### A. Public Defenders

Rembold alleges that defendants Lettau and Costigan have denied him access to the courts by refusing to follow his instructions regarding his post-conviction case in State court. *See* Case I, ECF 1; ECF 34; Case II, ECF 1. According to Rembold, Lettau has failed to perform her duties as chief of the Office of the Public Defender, while Costigan has refused to return court recordings of Rembold's prior proceedings in state court and has refused to respond to his inquiries. Case I, ECF 1 at 2; ECF 34 at 5.

Mindful that Rembold is a self-represented litigant, the court has construed his Complaint liberally. *See Erickson*, 551 U.S. at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the Complaint is subject to summary dismissal.

To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United

States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, the attorney is not amenable to suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). As such, Rembold's § 1983 action against Lettau and Costigan must be dismissed.

To the extent that Rembold has sought to pursue a civil legal malpractice action in this court, arising from his post-conviction case, his claim fares no better. In the absence of diversity of citizenship, which is clearly lacking here, this Court is without jurisdiction as to a civil malpractice claim against Lettau and Costigan.

In *Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit said: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see United States, ex rel.Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir. 2009). Thus, a federal district court may only adjudicate a case if it possesses the "power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks omitted). As the Fourth Circuit stated in *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008), if a party seeks to proceed in federal court, it "must allege and, when challenged, must demonstrate the federal court's jurisdiction over the matter." Indeed, "if

Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Moreover, "[a]court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). This is because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Therefore, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); *see also Snead v. Board of Educ. of Prince George's County*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). And, pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp.*, 545 U.S. at 552; 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."). Moreover, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are

so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." These grounds do not apply here.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). This jurisdictional basis is not satisfied here, because the parties are all domiciled in Maryland. As a result, Rembold cannot bring a civil legal malpractice action against Lettau and Costigan in this Court, and suit shall be dismissed against those defendants.

### B. Court Defendants

As noted, Rembold has voluntarily dismissed his claims against defendants Hilton, Bennett, and Bentley. As to the remaining Court Defendants, he alleges: (1) Mumma denied him due process by covering up prosecutorial misconduct, Case I, ECF 34 at 6; (2) Reilly "perpetuated . . . Mumma's cover-up" and refused to file Rembold's petition for post conviction, *id.*; (3) Ensor refused to file Rembold's § 1983 action against Reilly; *id.* at 6-7; Case II, ECF 1; and (4) Hellmann and Gill fabricated transcripts in Rembold's state court proceedings, Case I, ECF 34 at 2-3; Case II, ECF 1.

Section 1983 of Title 42 of the United States Code provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects,

14

or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." (Emphasis supplied). *See, e.g., Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West*, 487 U.S. at 48; *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights).

As the Court Defendants note, Rembold's claims are best understood as an attempt to secure due process rights under the Fourteenth Amendment to the United States Constitution. *See* Case I, ECF 25-1 at 17. He alleges that the concerted or individual effort of the named defendants has prevented his access to Maryland's legal process. Because Rembold does not allege any nexus

15

between the official conduct and his current imprisonment, his Complaint may be construed as asserting some property interest in money damages from his State-court tort suits.

For any such claim, "the existence of an adequate state remedy . . . avoids the conclusion that there has been any constitutional deprivation of property without due process of law within the meaning of the Fourteenth Amendment." *Parratt v. Taylor*, 451 U.S. 527, 542 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). This principle holds for both intentional and unintentional constitutional torts. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).

Rembold has not been denied access to the Maryland courts. "Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show "actual injury" to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*, 112 F. 3d 773, 776 (4th Cir. 1997) (quoting *Lewis v. Casey*, 518 U. S. 343, 355 (1996)). However, as the Court Defendants point out, Rembold has active litigation pending in Harford County, Baltimore County, and the Maryland Court of Special Appeals. *See* ECF 25-1 at 3. In Harford County, his post-conviction hearing set for July 9, 2019. *Maryland v. Rembold*, No.12-K-14-000396 (Cir. Ct. Harford Co.), ECF 25-3 at 2, 17. Therefore, Harford County court clerks Mumma and Reilly have not denied him access to the courts.

With regard to Ensor, Rembold's sole allegation is that Ensor returned his § 1983 complaint against Reilly without filing it in the Circuit Court for Baltimore County. ECF 34 at 6-7; Case II, ECF 1. Based upon the record, however, it appears that Rembold moved to have the filing fee waived and a judge in the Circuit Court denied the motion, with instructions to pay the costs within 10 days. *Id.*, ECF 25-4. Thus, Ensor acted properly in returning the complaint to Rembold. *See*

16

Md. Rule 1-325(e)(3) ("If the court denies, in whole or in part, a request for the waiver of its prepaid costs, it shall permit the party, within 10 days, to pay the unwaived prepaid cost . . . . If the unwaived prepaid costs are not paid in full within the time allowed, the pleading or paper shall be deemed to have been withdrawn.").

Last, with regard to Hellmann and Gill, Rembold alleges that they fabricated transcripts of proceedings that occurred in 2014 and 2015 in the Circuit Court for Harford County. ECF 34 at 2-3; Case No. 19-72, ECF 1. There is no federal statute of limitations for actions under § 1983, and it is well settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Code, Cts. & Jud. Proc., § 5-101.

The three-year statute of limitations may be tolled for equitable reasons, but only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)); *see United States v. Kwai Fun Wong*, ___ U.S. ___, 135 S. Ct. 1625, 1631 (2015). However, equitable tolling is unavailable to a plaintiff who has not been diligent in protecting his or her rights; rather, the plaintiff must establish that he or she has been prevented from asserting those rights. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 555 (1974).

Under Maryland law, the statute of limitations is strictly construed. "Absent legislative creation of an exception to the statute of limitations, [the Maryland Court of Appeals] will not allow any 'implied and equitable exception to be engrafted upon it.'" *Hecht v. Resolution Tr.*

17

*Corp.*, 333 Md. 324, 333 (1994) (quoting *Booth Glass Co. v. Huntingfield Corp.*, 304 Md. 615, 653 (1985)).

Although the state statute of limitations applies, the question of when a cause of action has accrued under § 1983 is a federal question. *Nassim v. Md. House of Correction*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (citing *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975)). The date of accrual occurs "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)). Under the prison mailbox rule, an action under § 1983 is commenced for the purpose of meeting the statute of limitations when the complaint is delivered to prison staff for mailing and is no longer under the plaintiff's dominion and control. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Lewis v. Richmond City Police Dept.*, 947 F.2d 733, 736 (4th Cir. 1991).

Rembold takes issue with the transcripts prepared by Hellmann and Gill on September 29, 2014 and January 26, 2015. ECF 34 at 2-3; Case No. 19-72, ECF 1. The Complaint against Hellmann and Gill, dated January 2, 2019, was received in this court on January 7, 2019, more than three years after the alleged fabrications. *See* Case No. 19-72, ECF 1. Thus, Rembold's claims against Hellmann and Gill are time-barred.

For the foregoing reasons, Mumma, Reilly, Ensor, Hellman, and Gill are entitled to summary judgment.

### C. Conclusion

Rembold's claims against defendants Hilton, Bennett, and Bentley shall be dismissed, without prejudice. Suit shall be dismissed as to defendants Lettau and Costigan. As to the

remaining defendants, no genuine issue as to any material fact is presented and they are entitled to judgment as a matter of law.[3]

A separate Order follows.

October 23, 2019  /s/
Date  Ellen L. Hollander
 United States District Judge

---

[3] In light of the court's ruling, an analysis of defendants' additional arguments is not necessary.